**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

CARLOS SALOMON,

                Plaintiff,

vs.                                            Case No. 3:05-cv-673-J-32HTS

CITY OF JACKSONVILLE, etc., et al.,

                Defendants.

_____

**ORDER**[1]

Pro se plaintiff Carlos Salomon has brought this case against the City of Jacksonville and Officer Damon Q. Jameson under 42 U.S.C. § 1983, the Fourteenth Amendment, and Florida law, arising out of Officer Jameson's April 23, 1988 arrest of Salomon on allegedly false charges of battery and resisting arrest with violence. Salomon alleges that during the arrest, Officer Jameson assaulted and beat Salomon so severely that the Duval County Jail refused to admit him and sent him to University Hospital where he was treated for his injuries under police hold. Salomon alleges that he suffers continuing permanent severe physical and mental injuries as a result of this incident. See Doc. 48.

Defendants have moved to dismiss plaintiff's Second Amended Complaint, arguing, inter alia, that the statute of limitations bars this claim. Docs. 68, 69.[2] Plaintiff filed a

---

[1] Under the E-Government Act of 2002, this is a written opinion and therefore is available electronically. However, it has been entered only to decide the motion or matter addressed herein and is not intended for official publication or to serve as precedent.

[2] The motions to dismiss the first amended complaint (Docs. 29, 32) are therefore terminated. The Court notes that plaintiff's second amended complaint (Doc. 48) is styled as "Amended Complaint for Damages" and plaintiff's papers and the Court docket refer to it as a "Corrected Amended Complaint." Although plaintiff takes issue with reference to this

response and affidavit in opposition, Docs. 74, 75, as well as various other submissions which the Court has considered in ruling on these motions. Because documents outside the four corners of the complaint are being reviewed, the Court determined to convert the motions to dismiss into motions for summary judgment and gave the parties notice and an opportunity to supplement the record.[3]  See Orders, Docs. 82[4], 92, 99.  Plaintiff has done so. Docs. 85, 87, 89, 100.

"Dismissal . . . on statute of limitations grounds is appropriate . . . if it is apparent from the face of the complaint that the claim is time-barred."  Tello v. Dean Witter Reynolds, Inc., 410 F.3d 1275, 1288 (11th Cir. 2005) (internal quotation and citation omitted).  "Statutes of limitations embody the recognition that the defendant's interest in promptly facing the plaintiff's claims along with the court's interest in hearing only claims that a plaintiff has diligently pursued can trump the plaintiff's right to assert even the most meritorious of claims."  Arce v. Garcia, 434 F.3d 1254, 1261 (11th Cir. 2006).  Although 42 U.S.C. § 1983 does not itself contain a provision as to the time for filing suit, such "claims are governed by

---

document as the Second Amended Complaint, it is a complaint which follows the Amended Complaint and is therefore appropriately referenced as a Second Amended Complaint. Plaintiff's motion for sanctions related to this issue (Doc. 77) is **denied**.

[3]Because the Court is now treating the motions as motions for summary judgment, defendants' motion to strike some of plaintiff's submissions (Doc. 71) is **denied**.

[4]In one last effort to see if this case could be settled, the undersigned's Order also asked Magistrate Judge Richardson to explore the possibility of a settlement conference.  While this effort was unsuccessful, it did generate unfounded allegations from plaintiff that the undersigned had conducted ex-parte discussions with defendants' counsel, proving the maxim that "no good deed goes unpunished."  Plaintiff's motion for various forms of relief arising out of this issue and the Court's handling of the case (Doc. 100) is **denied**.

the forum state's residual personal injury statute of limitations." Burton v. City of Belle Glade, 178 F.3d 1175, 1188 (11th Cir. 1999) (citing Owens v. Okure, 488 U.S. 235, 250 (1989)). See also Wallace v. Kato, __ U.S. __, 127 S.Ct. 1091, 1094 (2007); City of Hialeah, Fla. v. Rojas, 311 F.3d 1096, 1103 (11th Cir. 2002). In Florida, that's four years. Fla. Stat. § 95.11(a); Burton, 178 F.3d at 1188.[5]  Plaintiff's state law claims, all sounding in tort, are likewise governed by Florida's four year statute of limitations. Fla. Stat. § 95.11(a), (o).

From the face of Salomon's complaint, it is clear that his causes of action against Officer Jameson and the City accrued on April 23, 1988 and Salomon, who had four years from that date in which to timely file his complaint, did not do so until July 19, 2005- - nearly seventeen years later. Salomon, however, argues that equitable tolling should be applied to toll the statute of limitations both because the state impeded his access to the courts and because he suffers from mental and physical incapacities that prevented him from timely filing his complaint.

"The interests of justice . . . can weigh in favor of allowing a plaintiff to assert untimely claims if circumstances beyond the plaintiff's control prevent timely filing." Arce, 434 F.3d at 1261. Thus, where a plaintiff is prevented from timely filing his claims because of "extraordinary circumstances that are both beyond [a plaintiff's] control and unavoidable even with diligence," a court may find that equity requires that the statute of limitations be tolled. Id. (emphasis in original) (internal quotation and citation omitted). "The plaintiff bears

---

[5]Plaintiff's Fourteenth Amendment claim, arising out of these same facts, would likewise be governed by Florida's four-year statute of limitations. See, e.g., Bd. of Regents of State of N.Y. v. Tomanio, 446 U.S. 478 (1980); Hughes v. Lott, 350 F.3d 1157, 1163 (11th Cir. 2003).

the burden of showing that such extraordinary circumstances exist" and courts are reminded that "equitable tolling is an extraordinary remedy which should be extended only sparingly." Id. (internal quotations and citations omitted). The Court "look[s] to the relevant statute for guidance in determining whether equitable tolling is appropriate in a given situation." Id. See also Wallace, 127 S.Ct. at 1098.

First, Salomon claims that defendants "orchestrated a machinery of fraud, fraudulent concealment with Plaintiff's previous legal representatives, making false sworn police report on nature of the incident, making secret bribery to Plaintiff's witness, conspiring, obstructing justice, malicious mischief, malice, intent by acting with Plaintiff's former representatives to misrepresent and deceive Plaintiff by filing a voluntary dismissal on July 14, 1992 without Plaintiff's consent . . . " Doc. 49 (incorporated by Doc. 74 at ¶ 10) at 3. Apparently, at least some of these references are to a case brought in state court in 1991[6] against the City of Jacksonville based on the same 1988 incident involving Officer Jameson. See Doc. 57 at 2-4. Before filing that suit, plaintiff, through counsel, had given the City notice of his intended claim for damages based on injuries Salomon sustained during his April 23, 1988 arrest by Officer D. Jameson, Badge No. 5630. See Doc. 27 (Amended Complaint) at Exhibit A, letter dated January 10, 1988[sic]; and at Exhibit B, January 17, 1989 letter from City to plaintiff's counsel acknowledging receipt of Salomon's notice of claim. The record here shows that plaintiff, through counsel, voluntarily dismissed his state court case without prejudice on July 14, 1992. Doc. 57 at 6. Salomon has also filed documentation of disciplinary proceedings

---

[6]The state court case number assigned to the complaint is 91-10064-CA and the Court therefore assumes the complaint, which is not dated, was filed in 1991. See Doc. 57 at 2-4.

against his former counsel that occurred in 1996 (Docs. 61, 62), an October 26, 1989 disciplinary report on Officer Jameson (Doc. 63 at 2-4), and a transcript of an October 30, 2003 deposition of Officer Jameson taken in a case brought in 1995 by Salomon against his former counsel (Doc. 27 at Exhibit C), all of which Salomon argues demonstrate an orchestrated effort to frustrate his ability to timely pursue his claims.  Salomon also claims his former attorney advised him that the City was willing to settle his claim for $11,000,000.00 and that some of the City's insurance funds were used to bribe Salomon's ex-wife to remove her from the case as a witness.  See Doc. 72 at 8-9.

Taken together, this evidence is insufficient to demonstrate any denial of access to the courts such as would possibly toll the applicable statute of limitations here.  In 1988 Salomon knew the information needed to bring these claims and he in fact timely did so in state court.  That his former attorney was thereafter subject to disciplinary proceedings does not change these facts.  Moreover, plaintiff continued to pursue recourse, suing, with the assistance of counsel, his former attorney in what the Court can only assume (based on the record of that case as provided by plaintiff) was a malpractice action based on the earlier state suit.  Drawing every possible inference in Salomon's favor, the Court cannot find that he was denied access to the courts or that defendants acted in any way to impede his ability to meaningfully, adequately, and effectively prosecute his claims.  See Chappell v. Rich, 340 F.3d 1279, 1283-84 (11th Cir. 2003), cert. denied, 540 U.S. 1219 (2004) (affirming dismissal where defendants' actions and lack of additional evidence did not prevent plaintiffs from filing suit within the applicable statute of limitations period and did not render any suit that could have been filed inadequate, ineffective or not meaningful); Arce, 400 F.3d at 1349 (noting

that equitable tolling usually only available due to some affirmative misconduct, such as deliberate concealment).[7]

Second, Salomon argues that the statutory limitations period should be tolled because plaintiff suffers from physical and mental disabilities arising out of the 1988 incident. Here, Florida law does provide guidance. First, Florida Statute section 95.051(1)(d) provides that a statutory limitations period may be tolled by the "adjudicated incapacity, before the cause of action accrued, of the person entitled to sue . . . [but] [i]n any event, the action must be begun within 7 years after the act, event, or occurrence giving rise to the cause of action." Fla. Stat. 95.051(1)(d). This avenue, however, is unavailable to plaintiff both because he has not demonstrated an "adjudication" of incapacity before the cause of action accrued (or after, for that matter) and, more importantly, because, in 2005 when this suit was filed, we were already well beyond the seven year period following the accrual of the cause of action. Finding no comfort in the incapacity provision, plaintiff is further stymied by Florida Statute section 95.051(2) which provides that "[n]o disability or other reason shall toll the running of any statute of limitations," except in certain circumstances not relevant here. Fla. Stat. § 95.051(2) (emphasis added). Thus, Florida law, which controls questions of tolling, would not permit the Court to toll the applicable statute of limitations based on plaintiff's alleged mental or physical disabilities or incapacity. See Gomez v. Doe, No. 06-10091, 2007 WL

---

[7] The relevant Florida statutes of limitations do not address tolling based on grounds of "denial of access to the courts." However, like here, the Chappell case was brought under 42 U.S.C. § 1983 and the Eleventh Circuit there addressed the availability of an access to the courts claim, both independently, and as a basis to toll the statute of limitations under § 1983. See Chappell, 340 F.3d at 1282-84. Thus, the Court has addressed its application here (and likewise found it lacking).

63799, *1-2 (11th Cir. Jan. 10, 2007) (unpublished slip copy) (finding plaintiff's § 1983 claim barred by Florida's four-year statute of limitations where plaintiff filed complaint more than 10 years after claim accrued because even additional time provided by § 95.051(2) would not save claim).

For these reasons, the claims presented by plaintiff's second amended complaint are barred by the applicable statute of limitations and it is, therefore, hereby

**ORDERED**:

Defendants' Motions to Dismiss (Docs. 68 & 69), converted to motions for summary judgment, are **GRANTED**. Plaintiff's Motion for Summary Judgment (Doc. 72) and Supplemental Motion for Summary Judgment (Doc. 89) are **MOOT**.[8] This Clerk shall enter judgment in favor of defendants and against plaintiff and close the file.

**DONE AND ORDERED** at Jacksonville, Florida this 4th day of October, 2007.

TIMOTHY J. CORRIGAN
United States District Judge

s.
Copies:

counsel of record
pro se plaintiff

---

[8]Defendants had secured leave from the Court to delay responding to the Motion for Summary Judgment until the Court resolved the statute of limitations issue presented by their Motions to Dismiss. As these motions are resolved in defendants' favor, the Court has had no occasion to consider arguments raised by plaintiff in support of summary judgment. The Court has, however, reviewed and considered plaintiff's arguments in the motions (which were combined motions for summary judgment and amended responses to the motions to dismiss) that bear on the issues presented here.